### THE AMERICAN MALTING COMPANY
*vs.*
### THE STAEHLY BREWING COMPANY

Superior Court     New Haven County     File No. 55087

MEMORANDUM FILED DECEMBER 12, 1939.

*Woodruff & Klein,* of New Haven, for the Plaintiff.

*David S. Rivkin, Assistant Corporation Counsel,* of New Haven, for the City of New Haven.

FOSTER, J. Up to the time the court took jurisdiction over the affairs of the defendant corporation, the corporation had not only the duty but the legal right to pay its taxes to the City of New Haven.

Failing to pay its taxes upon a certain date, it became bound by statute to pay a certain rate of interest upon the principal sum of the taxes. Upon the appointment of a temporary receiver the corporation was relieved of the duty and lost the right to pay its taxes. It lost, temporarily at least, all control over its assets. After the appointment of a temporary receiver, the corporation should not be obliged to pay interest on the sum of its taxes, since it had no use of such sum. It should not be penalized for failing to do what it had no power to do. The temporary receiver or the receiver could not pay the taxes until ordered to do so by the court; so, until the settlement of the estate, the temporary receiver or the receiver should not be bound to pay such interest.

If after the settlement of the estate it appears that the estate is solvent and that assets of the estate are left for distribution among the stockholders, then interest should be paid up to the date of the payment of the principal sum of the tax, because the stockholders should not be permitted to benefit by the failure of the corporation to pay the tax before the appointment of a temporary receiver; they should not be permitted to benefit by the appointment of a temporary receiver or a receiver.

"No debt can arise against an insolvent estate in the hands of a receiver. From this principle comes the general rule that only claims as then existing can be recognized as obligations of the estate. For this reason interest cannot be allowed on claims after the insolvency has been judicially declared, or—what is its equivalent—a receiver has been appointed....If the insolvent estate prove sufficient to more than pay the claims and expenses as against the company, its shareholders and stockholders, interest should be allowed upon the claims as due at the date of adjudication in insolvency, or the appointment of a receiver, or the making of such order of court, ratably in the surplus. As against the insolvent estate, interest is calculated to the date of adjudication of insolvency, or the appointment of a receiver, or the making of such order; as against the insolvent company and the shareholders and stockholders, the claims carry interest upon the amount then found due." *Lippett vs. Thames Loan & Trust Co.*, 88 Conn. 185, 206.

At the present time only the principal sum of the tax together with statutory interest up to the date of the appointment of the temporary receiver is due. If at the termination of the receivership it appears that the estate is solvent, then interest or a ratable part of interest may be due, such interest to be calculated upon the amount due upon the date of the appointment of the temporary receiver up to the date when the principal sum is paid.